# United States Court of Appeals for the Federal Circuit

---

**FLORENCE JONES,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2018-2376

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-105, Senior Judge Mary J. Schoelen.

---

Decided: July 15, 2020

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, for claimant-appellant.

BORISLAV KUSHNIR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by ETHAN P. DAVIS, ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM; JONATHAN KRISCH, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before O'MALLEY, BRYSON, and HUGHES, *Circuit Judges.*

BRYSON, *Circuit Judge.*

Appellant Florence Jones, the widow of deceased veteran Thomas Jones, seeks to overturn a decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court") regarding the effective date that the Department of Veterans Affairs ("DVA") assigned to benefits awarded to Mr. Jones.  We affirm.

I

Mr. Jones served on active duty with the U.S. Army between August 1967 and October 1974, and he served in the Army National Guard from March 1987 to October 1990.  In 1994, he filed a claim for disability benefits for a nervous disorder and a right leg wound.  A DVA regional office granted service connection for a right leg scar, but found that disability to be non-compensable.  The regional office denied the claim for a nervous condition.  The office found that there was no objective evidence in his service medical records of an in-service stressor, i.e., a traumatic event that caused his nervous disorder, although the service medical records were incomplete.  Mr. Jones did not appeal that decision, which became final in 1995.

Several years later, on October 7, 2002, Mr. Jones filed a request to reopen his claim, which he characterized as a claim for post-traumatic stress disorder ("PTSD").  In the request, he asserted that he was assaulted by muggers while he was stationed in Germany, which resulted in his developing PTSD.  The regional office denied his request for reopening on the ground that the evidence did not establish an in-service stressor and also that certain evidence that Mr. Jones presented was not new and material.

In a 2006 deferred rating decision, a DVA rating officer noted that the DVA had requested Mr. Jones's active duty service records in 1994, but that it was unclear whether all

of those records had been obtained.  The rating officer directed the regional office to attempt to obtain the records.  The office received a copy of Mr. Jones's active duty medical records on March 2, 2006, and a copy of Mr. Jones's entire personnel file on June 22, 2006.

Subsequently, in an August 2008 decision, the Board of Veterans' Appeals granted Mr. Jones's request to reopen and remand his claim for further development.  The Board directed the regional office to obtain additional information from two individuals with knowledge of the assault in Germany, to obtain and associate with the claims folder all available records relating to the development of the claim, and to "readjudicate the claim for service connection for PTSD on appeal in light of all pertinent evidence and legal authority."

In 2010, the regional office granted Mr. Jones service connection for PTSD and a schizoaffective disorder, bipolar type.[1]  The regional office based its new rating decision in part on Mr. Jones's post-service DVA records, including a treatment record from October 2002.  But it did not rely on Mr. Jones's active duty records from 1967 to 1974.  After initially assigning a lower disability rating, the regional office later awarded Mr. Jones a 100% rating effective from October 7, 2002, the date that he sought to reopen his claim.

Not fully satisfied with that disposition, Mr. Jones sought to have the effective date of his award made retroactive to June 7, 1994, the date he first filed his claim.  The

---

[1]     We note that the characterization of Mr. Jones's affliction evolved over course of the proceedings from "nervous disorder" to "PTSD" to "PTSD and a schizoaffective disorder, bipolar type."  The parties do not contend that the differences in those characterizations matter for purposes of this appeal.

Board of Veterans' Appeals denied that request in 2014. On review, however, the Veterans Court vacated the Board's decision and remanded the case to the Board for further explanation regarding certain factual findings. The Veterans Court directed the Board to determine whether a February 1971 service treatment record and a March 1987 report from a Kansas Army National Guard physician were associated with Mr. Jones's claims file at the time of the regional office's decision on his claim in 1994.

Mr. Jones died in November 2014. His wife, appellant Florence Jones, was substituted as claimant.

In a September 14, 2016, ruling, the Board determined that the March 1987 report was part of the record at the time of the regional office's 1994 decision. The Board could not determine if the February 1971 service treatment records were associated with the claims file at that time. But the Board determined that regardless of when the February 1971 records were associated with the file, neither the March 1987 report nor the February 1971 records "provide[d] the basis, in all or in part, for the later reopening of the Veteran's claim for service connection for PTSD."

The Board explained that the regional office already knew in 1994 that Mr. Jones had suffered a right leg laceration as the result of an incident in 1968. But Mr. Jones, according to the Board, had not reported that his PTSD was related to that laceration until October 2002.[2] Previously, according to the Board, Mr. Jones had stated only

---

[2]    The Veterans Court said that the Board incorrectly stated that the claim was reopened because of assertions made by Mr. Jones in 2002 regarding the assault against him. According to the Veterans Court, the reopening was based on assertions made by Mr. Jones in 2003 and a 2008 statement by a DVA physician.

that he had been mugged, and he had not reported suffering from associated wounds. It was the October 2002 report, corroborated by records showing a laceration, "that served as a basis of the grant for the claim for service connection," the Board ruled. "Therefore, the additional service records documenting treatment for a laceration to his right leg did not serve as the basis for reopening and granting the claim in any respect." For that reason, the Board held that the effective date provision in the pertinent regulation, 38 C.F.R. § 3.156(c)(3),[3] was inapplicable in this case; the Board therefore rejected Ms. Jones's argument that the effective date for Mr. Jones's PTSD claim should be 1994 rather than 2002.

Ms. Jones appealed to the Veterans Court, which affirmed the Board's ruling. The court noted that, consistent with the requirements of 38 C.F.R. § 3.156(c)(3), the DVA had reconsidered Mr. Jones's claim when the Board remanded the claim in 2008 and the regional office granted him disability benefits in 2010. As to the role of the February 1971 and March 1987 service records, the court upheld the Board's determination that those records were not part of the basis for the award of benefits, and that the Board therefore properly found that the effective date for the award was October 7, 2002, the date on which the appellant sought to reopen his previously denied claim. The decision in Mr. Jones's favor, the court noted, was based on evidence created in 2003 and 2008, which did not exist in 1994 when Mr. Jones's claim was denied. Because section 3.156(c)(3) provides that newly associated records must

---

[3]    The regulatory framework applicable to this case predates the Veterans Appeals Improvement Modernization Act, Pub. L. No. 115-55 (2017). The regulations implementing that Act became effective in February 2019, and do not apply to this case.

have existed at the time of the initial decision in order to warrant an effective date relating back to the date on which the DVA received the previously decided claim, the court held that the Board properly rejected Ms. Jones's request to revise the effective date for the PTSD claim from 2002 to 1994.[4] Ms. Jones took this appeal challenging the effective date assigned to the award of benefits.

## II

This court has appellate jurisdiction to review a decision of the Veterans Court with respect to any interpretation of a statute or regulation relied on by that court in making its decision. 38 U.S.C. § 7292(a). We may not, however, review a challenge to a factual determination or a challenge "to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

Ms. Jones argues that the Veterans Court misinterpreted 38 C.F.R. § 3.156(c) and relied on an incorrect legal standard in applying that regulation. She characterizes the court as holding that section 3.156(c)(1) did not require reconsideration of Mr. Jones's original claim even though it was unclear whether an official service department file

---

[4]    The court said that the Board misstated the law when it stated that the subsequently associated records did not serve as the basis for reopening the previously denied claim for PTSD. As the government acknowledges, the relevant inquiry under 38 C.F.R. § 3.156(c)(3) is whether the newly received or associated records were a basis for the award, not for the reopening of the claim. The court ruled, however, that the error was harmless because the Board in its analysis fully considered the applicable provisions of section 3.156(c) and properly applied the law when it ruled that "the award of service connection was not based in all or in part on the association of [the] February 1971 service records with the file."

was in the DVA's possession at the time of the DVA's original decision.  In addition, she argues that the court improperly held that section 3.156(c)(3) requires that the newly discovered service department records be the basis for both reopening the claim under section 3.156(a) and granting the reopened claim, when in fact section 3.156(c)(3) requires only that the award be based in part on the records identified by section 3.156(c)(1).

The regulation at issue in this case, 38 C.F.R. § 3.156(c), provides as follows, in pertinent part:

(c) Service department records.

> (1) Notwithstanding any other section in this part, at any time after VA issues a decision on a claim, if VA receives or associates with the claims file relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim, VA will reconsider the claim, notwithstanding paragraph (a) of this section [which provides for reopening claims upon the receipt of new and material evidence].

> . . .

> (3) An award made based all or in part on the records identified by paragraph (c)(1) of this section is effective on the date entitlement arose or the date VA received the previously decided claim, whichever is later, or such other date as may be authorized by the provisions of this part applicable to the previously decided claim.

### A

The DVA is required to "reopen" a finally adjudicated claim under 38 C.F.R. § 3.156(a) if the claimant submits

new and material evidence in support of the claim. "Reconsideration" of a claim is required by 38 C.F.R. § 3.156(c)(1) if the DVA receives official service department records that existed but had not been associated with the claims file when the DVA first decided the claim.

In the case of an award that results from reopening under section 3.156(a), the effective date of the award is the date the request for reopening was made or the date of entitlement, whichever is later. 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400(q)(2); *Blubaugh v. McDonald*, 773 F.3d 1310, 1313 (Fed. Cir. 2014). If an award that results from reconsideration under section 3.156(c) was based in whole or in part on the newly obtained records, the award will be made effective on the date the original claim was received (or the date of entitlement if that is later than the date of receipt of the claim). 38 C.F.R. § 3.156(c)(3).

In this case, the DVA reopened Mr. Jones's claim in 2008 based on new and material evidence. The February 1971 service records, which were not part of the claims file when the DVA first denied Mr. Jones's claim, were associated with the claims file prior to the 2008 reopening decision. Thus, as found by the Veterans Court, the DVA considered the February 1971 service records, together with all the other evidence of record, during the remand proceedings before the regional office.

Although it is undisputed that the DVA reopened Mr. Jones's 1994 claim, Ms. Jones contends that DVA failed to "reconsider" that claim. But she does not point to any evidence that the DVA failed to reconsider. Nor does she suggest what the DVA should have done differently in order to comply with the obligation to "reconsider" the claim.

As this court explained in *Blubaugh v. McDonald*, reconsideration under section 3.156(c) is meant to ensure "that a veteran is not denied benefits due to an administrative error." 773 F.3d at 1313. The regulation "serves to

place a veteran in the position he would have been had the VA considered the relevant service department record before the disposition of his earlier claim." *Id.* The Veterans Court has similarly described reconsideration under section 3.156(c) as requiring the agency to reassess its original decision in light of the new service records, which may include the development of additional evidence. *George v. Shulkin*, 29 Vet. App. 199, 205 (2018), *vacated on other grounds sub nom. George v. Wilkie*, 782 F. App'x 997 (Fed. Cir. 2019); *see also Poole v. Wilkie*, No. 19-0041, 2020 WL 2108261, at *4 (Vet. App. May 4, 2020). Because the DVA considered Mr. Jones's claim in view of the records that Ms. Jones alleges should have been a part of the claimant's file from the outset, the DVA "reconsidered" the claim per 38 C.F.R. § 3.156(c)(1), as held by the Veterans Court.[5]

The regional office subsequently awarded benefits. That award was exactly what Mr. Jones sought when he requested reopening of his initial claim. The only remaining question was what the effective date of that award should be.

As to that question, the Board properly applied the standard set forth in 38 C.F.R. § 3.156(c), as held by the Veterans Court. The Board examined whether the award was based in whole or in part on any of the service records that existed but were not available to the regional office at the time of the initial decision on Mr. Jones's claims. The Veterans Court found that the Board had correctly applied the law regarding the effective date for the award. We see

---

[5]     Ms. Jones also contends the Veterans Court erred because the Board failed to determine whether the allegedly missing records were relevant as required by 38 C.F.R. § 3.156(c)(1). But the government has not disputed that the newly associated records were relevant and that reconsideration was required.

no legal error in the Veterans Court's conclusion in that regard.

The outcome of that issue was not dictated by any distinction between reopening and reconsideration, both of which occurred here.  Instead, the key issue was whether the award was attributable in whole or in part to the newly obtained service records, as directed by 38 C.F.R. § 3.156(c).  To the extent Ms. Jones is suggesting that "reconsideration" mandates that the effective date of any award must necessarily be retroactive to the date of the initial claim, that argument is squarely contrary to section 3.156(c), which defines the particular circumstances in which such a retroactive effective date is required.

The regulations make clear that reconsideration of the initial claim is required if any relevant official service personnel records or service medical records were not associated with the claims file at the time of the DVA's initial decision on the claim.  The DVA assumed that was true here and conducted reconsideration after the claim was ordered reopened.  The DVA then granted an award of benefits.  But that award was not predicated in any way on records that were not before the DVA at the time of the initial decision on the claim. Thus, as the Board held, the proper effective date was the date of the request for reopening, not the date of the initial claim.  That is consistent with the procedure dictated by section 3.156 and does not reflect a misinterpretation of the regulations by the Veterans Court. *See Blubaugh*, 773 F.3d at 1314; *New and Material Evidence*, 70 Fed. Reg. 35388, 35389 (June 20, 2005).

B

Ms. Jones also contends that the Veterans Court relied on an incorrect legal standard because it erroneously required that newly discovered service department records be the basis both for reopening the claim and for awarding benefits on the reopened claim.  That is not what either the

Board or the Veterans Court did. Although the Board noted that Mr. Jones's claim was reopened based on evidence obtained after the 1994 decision denying his claim, that fact was cited simply as contextual support for the Board's determination that the award of benefits was not attributable to the pre-1994 service records that were obtained after the denial of the claim. On the critical issue as to the evidence on which the Board based its award, the Veterans Court wrote: "The Board explained that the February 1971 service medical record and the March 1987 service record were not the basis for reopening, and *more significantly, the eventual grant of the appellant's claim.*"

Thus, contrary to Ms. Jones's contention, the Veterans Court did not require that in order to trigger the effective date provision of 38 C.F.R. § 3.156(c)(3), the claimant had to show that both the reopening of the claim and the award were based in part or in whole on the records identified in section 3.156(c)(1). As the Veterans Court ruled, the Board focused its analysis on whether the award was based on those records, and not on whether the decision to reopen the claim was based on those records. There was therefore no legal error in the interpretation of section 3.156(c)(3).

Ms. Jones points to the purported error made by the Board in referring to the service records as not serving "as a basis for reopening the previously denied claim," rather than stating that those records did not serve as a basis for reconsidering the previous denial of Mr. Jones's claim and awarding benefits. Ms. Jones challenges the Veterans Court's conclusion that the Board's error was harmless. Although the Board in its findings of fact stated that the subsequently associated records did not serve as the basis for reopening the previously denied claim, the Board applied the proper standard when it analyzed whether the subsequently associated records served, in whole or in part, as the basis for the award. The Veterans Court acknowledged the Board's purported error in referring to the basis

for reopening rather than the basis for the award, but in light of the Board's application of the proper legal standard in the course of its analysis, the court held that error to be harmless.

Citing *Newhouse v. Nicholson*, 497 F.3d 1298 (Fed. Cir. 2007), and *Pitts v. Shinseki*, 700 F.3d 1279 (Fed. Cir. 2012), the government argues that this court lacks jurisdiction to decide whether the Veterans Court was correct in finding that the Board's remark about reopening was harmless error. To review that ruling by the Veterans Court, the government argues, would be to review an application of law to fact, contrary to the statutory limit on this court's jurisdiction in appeals from the Veterans Court under 38 U.S.C. § 7292(d)(2).

Ms. Jones responds that the Board's misstatement constituted an error of law. She contends that the Board and the Veterans Court relied on the misstatement and applied the wrong legal standard in making the effective date determination.

As explained above, we uphold the Veterans Court's determination that the Board applied the correct legal standard under 38 C.F.R. § 3.156(c) when it analyzed the effective date issue. What remains is the Veterans Court's conclusion that, given that the Board applied the proper legal standard, the Board's purported mischaracterization of the test early in its opinion was harmless. On that narrow issue, the government is correct that we lack jurisdiction to review the Veterans Court's ruling in light of *Newhouse* and *Pitts*.

Because we find no error by the Veterans Court falling within our appellate jurisdiction, we affirm the Veterans Court's judgment.

No costs.

**AFFIRMED**