NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**CORY D. BECK,**
*Claimant-Appellant*

v.

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2019-2448

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-732, Judge Amanda L. Meredith.

_____

Decided: January 15, 2021

_____

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

SHARI A. ROSE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by JEFFREY B. CLARK, ELIZABETH MARIE HOSFORD, ROBERT EDWARD KIRSCHMAN, JR.; BRIAN D. GRIFFIN, BRANDON A.

JONAS, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before TARANTO, BRYSON, and HUGHES, *Circuit Judges.*

PER CURIAM.

Appellant Cory D. Beck challenges the decision of the Court of Appeals for Veterans Claims ("the Veterans Court"), which rejected his claim that the Board of Veterans' Appeals committed clear and unmistakable error when it denied his claim to benefits in 1989. We dismiss the appeal for lack of jurisdiction.

I

Mr. Beck asks this court to interpret 38 U.S.C. § 1112(a)(1), a statute favorable to veterans in certain veteran benefits cases.[1] For purposes of establishing a veteran's entitlement to benefits for a service-connected injury or disease, section 1112(a)(1) creates a presumption of service connection in certain cases based on evidence of post-service disease. Specifically, section 1112(a)(1) provides that if a chronic disease becomes "manifest to a degree of 10 percent or more within one year from the date of separation," the disease will be regarded as incurred in or aggravated by the veteran's service, even if there is no medical record of the disease during the period of service. Section 1112(a)(1) provides that the presumption is "subject to section 1113." Section 1113 provides, *inter alia*, that "[w]here there is affirmative evidence to the contrary,"

————————————

[1] At the time of Mr. Beck's original claim at issue in this case, the statute was codified as 38 U.S.C. § 312(a)(1). It has been recodified as 38 U.S.C. § 1112(a)(1). For simplicity, we refer to the statute by its current designation.

service-connection pursuant to section 1112 "will not be in order." *Id.* § 1113(a).

Mr. Beck does not dispute that the presumption set out in section 1112 can be rebutted by contrary evidence under section 1113. His argument regarding the proper interpretation of section 1112 is that if the veteran introduces any evidence that a chronic disease covered by section 1112 is manifest to a degree of 10 percent or more within one year from the date of the veteran's separation from service, the presumption of section 1112 is triggered even if there is conflicting evidence, including a contradictory diagnosis. The government argues that Mr. Beck's interpretation of section 1112 is erroneous. Citing *Madden v. Gober*, 125 F.3d 1477 (Fed. Cir. 1997), the government contends that the section 1112 presumption of service connection does not apply if the Board concludes from conflicting evidence that the disease did not become manifest to a degree of 10 percent or more within a year of the veteran's separation.

## II

Mr. Beck served on active duty in the United States Navy from February 1977 to April 1978. Shortly after his separation from service, he was hospitalized for six weeks with a diagnosis of paranoid schizophrenia. He was subsequently transferred to a Veterans Administration hospital, where he was diagnosed with drug abuse and an antisocial personality, not schizophrenia. Two years later, Mr. Beck was again hospitalized, this time with a diagnosis of explosive personality.

In 1987, Mr. Beck filed a claim for veterans' benefits, alleging service-connected "aggravation of psychosis." A regional office of the Veterans Administration denied his claim, finding that there was no objective evidence that Mr. Beck suffered from chronic psychosis, either in service or within one year from his separation from service.

On appeal, the Board of Veterans' Appeals acknowledged that a chronic disease will be presumed to have been incurred in service if it becomes manifest to a degree of 10% within one year of the veteran's discharge, even if there is no evidence of the disease during service. The Board noted, however, that the evidence as to Mr. Beck's disease was mixed. The Board pointed out that although Mr. Beck was diagnosed with paranoid schizophrenia at one hospital, that diagnosis "was not substantiated, and it was not, in fact, until early 1987 that any emotional difficulties previously experienced by the veteran could reasonably be perceived as having achieved the proportions of an acquired psychiatric disorder." Accordingly, in January 1989, the Board concluded that there was "a distinct absence of information sufficiently supportive of the requisite diagnosis within a period sufficiently proximate to service" and that schizophrenia therefore could not be presumed to have been incurred in service.

Mr. Beck sought to reopen his claim in 2012. A medical examination report at that time concluded that he was suffering from schizophrenia and expressed the opinion that the condition was related to his period of service between 1977 and 1978. Following that report, a regional office of the Department of Veterans Affairs granted Mr. Beck's claim in August 2012. The regional office assigned him a 100% disability rating as of January 10, 2012, the date of his request for reopening. That decision was not appealed and became final.

In 2014, Mr. Beck sought revision of the 1989 Board's decision, claiming that it contained clear and unmistakable error ("CUE"). He argued that in light of his diagnosis of schizophrenia in 1978, which occurred within one year of his separation from service, the Board should have awarded him service-connected compensation effective as of the day after his discharge. In October 2017, the Board rejected Mr. Beck's CUE claim. It noted that the 1989 Board's decision considered his April 1978 diagnosis of

schizophrenia, but took into account contrary evidence, including his diagnosis of drug abuse and antisocial behavior, his diagnosis of explosive personality, and an assessment that he was suffering from a personality disturbance designated as drug addiction.  The 2017 Board therefore concluded that Mr. Beck's challenge to the 1989 Board's decision denying the presumption of service connection was merely "a disagreement with how the facts were weighed." Because a "disagreement as to the weight that should have been afforded the evidence does not rise to the level of CUE," the 2017 Board denied the motion to reverse the 1989 Board's decision on the ground of CUE.

On appeal to the Veterans Court, Mr. Beck argued that the presumption of service connection under section 1112 applies so long as there is some evidence that a qualifying disease manifested to the requisite degree within the one-year period after separation, even if other evidence indicates the contrary.  For that reason, he argued, the 2017 Board should have found that the 1989 Board committed CUE when it found that, on balance, the evidence had not shown that Mr. Beck was suffering from schizophrenia within a year of his separation from service.

The Veterans Court found it unnecessary to address the proper interpretation of section 1112.  Instead, it held that "even assuming that the Board in 2017 erred as a matter of law in concluding that the Board in 1989 was not required to find that the presumption of service connection under section 1112 attached," the error was harmless.  The court explained that the 2017 Board's refusal to apply the presumption did not affect the essential fairness of the 1989 adjudication or the 2017 Board's determination that the 1989 Board's decision did not contain CUE.

The court explained that because the presumption set forth in section 1112(a)(1) is rebuttable, as section 1113(a) provides, it was not enough for Mr. Beck to show that the presumption should have applied; in order to show

entitlement to service connection for his disease, he was required to demonstrate that the evidence of record in 1989 was insufficient to rebut the presumption. Because Mr. Beck did not allege that the evidence of record in 1989 was legally insufficient to rebut the presumption, the court concluded that even if the 2017 Board erred in its interpretation of section 1112, Mr. Beck "has not demonstrated that the Board could have found CUE in the 1989 Board decision because he has not demonstrated that the outcome of the 1989 Board decision would have been manifestly different."

## III

On appeal, Mr. Beck argues that the Veterans Court erred by relying on a misinterpretation of 38 U.S.C. § 1112. He further contends that the 1989 Board and the 2017 Board also misapplied section 1112. Finally, he contends that the Veterans Court erroneously interpreted section 1112 in a way that infected its harmless error analysis.

There is a jurisdictional problem with Mr. Beck's arguments.. This court's jurisdiction to review decisions of the Veterans Court is limited. Section 7292(a) of Title 38 provides, in relevant part, that a party may appeal from a decision of the Veterans Court "with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a). The statute further provides that this court "shall hold unlawful and set aside any regulation or any interpretation thereof (other than a determination as to a factual matter) that was relied upon in the decision" of the Veterans Court, and that, except to the extent that a case presents a constitutional issue, this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d).

In this case, Mr. Beck claims to be challenging the interpretation of a statute—section 1112(a)—by the Veterans Court. But his challenge is not within our jurisdiction, because the Veterans Court did not rely on an interpretation of section 1112(a) in making its decision. To the contrary, the Veterans Court expressly declined to interpret that statute. Instead, the Veterans Court ruled that even if it were to adopt Mr. Beck's interpretation of the statute, it would still uphold the decision of the Board of Veterans' Appeals. For that reason, the court concluded, any error in the Board's interpretation of section 1112 was harmless.

Mr. Beck's legal theory is that section 1112 requires the presumption of service connection to be applied if there is at least some evidence that the disease in question manifested itself to a 10% degree of disability within one year of the veteran's discharge, regardless of any evidence to the contrary. Mr. Beck acknowledges that the presumption set forth in section 1112 is rebuttable under section 1113. He argues, however, that contrary evidence may be considered under section 1113 only for purposes of determining whether the presumption, once established, has been rebutted. In other words, he contends that rebuttal evidence cannot be considered in determining whether the presumption is available under section 1112 in the first instance. But the question Mr. Beck asks us to resolve regarding the interpretation of section 1112 is precisely the legal issue that the Veterans Court found unnecessary to address.

The only issue the Veterans Court decided in this case was whether, assuming Mr. Beck's interpretation of section 1112 is correct, the Board's error in interpreting the statute was harmless as a factual matter. It is well settled that this court lacks jurisdiction to review such harmless error determinations by the Veterans Court. *See, e.g.*, *Jones v. Wilkie*, 964 F.3d 1374, 1381 (Fed. Cir. 2020); *Pitts v. Shinseki*, 700 F.3d 1279, 1286–87 (Fed. Cir. 2012); *Newhouse v. Nicholson*, 497 F.3d 1298, 1302 (Fed. Cir.

2007); *Conway v. Principi*, 353 F.3d 1369, 1375 (Fed. Cir. 2004).

In response to questions at oral argument, counsel for Mr. Beck argued that even though the Veterans Court based its decision on harmless error, this court still has jurisdiction over his appeal because the harmless error determination itself was based on a misinterpretation of section 1112. For that reason, his argument suggests, the Veterans Court's ruling "relied on" the interpretation of a statute within the meaning of our jurisdictional statute, section 7292(a).

The problem with that argument is that the Veterans Court assumed that Mr. Beck's legal interpretation of section 1112 was correct before finding, as a factual matter, that any error in construing that statute would be harmless. Because the Veterans Court concluded that Mr. Beck's CUE claim would have failed regardless of how the Board interpreted section 1112, the court's ruling could not have been based on an interpretation of section 1112 that was adverse to Mr. Beck. Accordingly, the jurisdictional test of section 7292 has not been satisfied.[2]

---

[2]    In his reply brief, Mr. Beck argues that the Veterans Court's harmless error analysis was legally flawed because it impermissibly relieved the agency of the burden of showing that his disease was not incurred in service, a burden that Mr. Beck contends the agency could not have met. We disagree. The court found that in the CUE context Mr. Beck was required to show that the evidence of record in 1989 was legally insufficient to rebut the section 1112(a)(1) presumption and that he failed to do so; that is to say, the court found that the evidence was sufficient to justify a conclusion that Mr. Beck's disease was not incurred or aggravated in service. We discern no legal error in the court's reasoning.

Because we lack jurisdiction to address the fact-based harmless error determination, which was the only issue decided by the Veterans Court, we must dismiss this appeal.

**DISMISSED**