NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ENRIQUE M. FLORES-VAZQUEZ,**
*Claimant-Appellant*

**v.**

**ROBERT D. SNYDER, ACTING SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2017-1061

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-2196, Judge Alan G. Lance Sr.

---

Decided: February 13, 2017

---

ENRIQUE M. FLORES-VAZQUEZ, Naples, FL, pro se.

RETA EMMA BEZAK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., L. MISHA PREHEIM; BRIAN D. GRIFFIN, MEGHAN ALPHONSO, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before WALLACH, HUGHES, and STOLL, *Circuit Judges.*

PER CURIAM.

Appellant Enrique M. Flores-Vazquez appeals the decision of the U.S. Court of Appeals for Veterans Claims ("Veterans Court"). *See generally Flores-Vazquez v. McDonald*, No. 15-2196, 2016 WL 3865690 (Vet. App. July 15, 2016). The Veterans Court vacated and remanded the decision of the U.S. Department of Veterans Affairs's ("VA") Board of Veterans Appeals ("Board"), which denied Mr. Flores-Vazquez's request for an earlier effective date for his service-connected disability rating. *Id.* at *2. Because we do not have jurisdiction to adjudicate Mr. Flores-Vazquez's appeal, we dismiss.

BACKGROUND

Mr. Flores-Vazquez is a veteran of the U.S. Navy. Appellee's App. 20. In 1998, Mr. Flores-Vazquez submitted a claim for service-connected disability for depression that the VA later denied. *Id.* at 11–12. In 2005, Mr. Flores-Vazquez submitted a request to reopen his claim to the VA, *id.* at 21, and the VA ultimately awarded Mr. Flores-Vazquez a 30% disability rating for bipolar depression effective January 24, 2005, *id.* at 20. Mr. Flores-Vazquez appealed to the Board, requesting an earlier effective date, but the Board denied Mr. Flores-Vazquez's request. *Id.* at 19.

Mr. Flores-Vazquez appealed to the Veterans Court and argued that, inter alia, the VA's initial decision to deny his claim never became final because the VA had received additional service records that necessitated readjudication. *Flores-Vazquez*, 2016 WL 3865690, at *1. The VA conceded that remand was warranted because the Board failed to apply the appropriate version of 38 C.F.R.

§ 3.156(c)[1] in light of *Cline v. Shinseki*, *id.*, which "held that the Board erred by retroactively applying the amended version of § 3.156(c)(2) to a claim pending prior to the amendment" in 2006, *id.* at *2 (discussing 26 Vet. App. 18 (2012)). The Veterans Court determined that "the Board's failure to address the applicability of *Cline* and pre-amendment § 3.156(c) frustrate[d] judicial review" and, thus, vacated and remanded the Board's decision. *Id.* (citations omitted). In addition, the Veterans Court instructed that Mr. Flores-Vazquez was "free to submit additional evidence and argument" on remand and that "the Board must consider any such evidence or argument submitted." *Id.* (citations omitted).

DISCUSSION

This court has limited jurisdiction to review appeals from final decisions of the Veterans Court. *See* 38 U.S.C. § 7292(c) (2012). We "typically will not review remand orders by the [Veterans Court] because they are not final judgments." *Williams v. Principi*, 275 F.3d 1361, 1364 (Fed. Cir. 2002) (internal quotation marks and citation omitted). We will not depart from this finality requirement unless each of the following three conditions are satisfied:

---

[1]  Section 3.156(c) was amended in 2006. The amended version includes an exception allowing for consideration of service department records "that [the] VA could not have obtained when it decided the claim because the records did not exist when [the] VA decided the claim, or because the claimant failed to provide sufficient information for [the] VA to identify and obtain the records . . . ." 38 C.F.R. § 3.156(c)(2) (2006). This exception was not available prior to the amendment. *See* 38 C.F.R. § 3.156(c) (2005).

(1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; *and*, (3) there must be a substantial risk that the decision would not survive a remand, *i.e.*, that the remand proceeding may moot the issue.

*Id.* (emphasis added) (footnotes omitted). Not all of the conditions are satisfied here. As to the second condition, the Veterans Court's decision did not adversely affect Mr. Flores-Vazquez because Mr. Flores-Vazquez prevailed, *i.e.*, he obtained the opportunity to present "additional evidence and argument" in support of his claim for an earlier effective date. *Flores-Vazquez*, 2016 WL 3865690, at *2. As to the third condition, remand proceedings will not moot the issue of whether Mr. Flores-Vazquez qualifies for an earlier effective date. Should the Board rule against Mr. Flores-Vazquez on remand, Mr. Flores-Vazquez will be permitted to appeal that decision to the Veterans Court. Because all of the conditions are not satisfied, we cannot "depart from the strict rule of finality" and, thus, do not have jurisdiction to adjudicate Mr. Flores-Vazquez's appeal. *Williams*, 275 F.3d at 1364.

## CONCLUSION

Mr. Flores-Vazquez won a remand in the Veterans Court. He will be permitted to present to the Board additional evidence and arguments in support of his claim for an earlier effective date and, if he does not like what the Board does, he can appeal to the Veterans Court. Accordingly, we find that we lack jurisdiction and that this appeal is

## DISMISSED