# United States Court of Appeals for the Federal Circuit

---

**ENRIQUE M. FLORES-VAZQUEZ,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2019-1780

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-3989, Judge Joseph L. Toth.

---

Decided: April 30, 2021

---

EVAN TYLER SNIPES, Veterans Legal Advocacy Group, Arlington, VA, for claimant-appellant. Also represented by HAROLD HAMILTON HOFFMAN, III.

SOSUN BAE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JEFFREY B. CLARK, MARTIN F. HOCKEY, JR., ROBERT EDWARD KIRSCHMAN, JR.; BRIAN D. GRIFFIN, DEREK SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before NEWMAN, DYK, and WALLACH, *Circuit Judges*.

Opinion for the court filed by *Circuit Judge* DYK.

Dissenting opinion filed by *Circuit Judge* NEWMAN.

DYK, *Circuit Judge*.

Enrique Flores-Vazquez appeals a decision of the Court of Appeals for Veterans Claims ("Veterans Court") upholding a denial of an earlier effective date for a service-connected disability. We affirm.

## BACKGROUND

This case presents a question of interpretation of 38 C.F.R. § 3.156(c), a regulation of the Department of Veterans Affairs ("VA"). The current version of § 3.156(c) allows the reconsideration of a previously denied claim and the availability of an earlier effective date when service-connected benefits have been allowed if VA receives "service department records that existed and had not been associated with the claims file when VA first decided the claim." 38 C.F.R. § 3.156(c)(1) (2021). But an earlier effective date can only be granted if the award of benefits was "made based all or in part" on the newly obtained records. *Id.* § 3.156(c)(3). The question is whether the grant of benefits to Mr. Flores-Vazquez was based on such service department records.

## I

Mr. Flores-Vazquez served on active duty in the Navy from April 1984 to April 1988. In November 1998, Mr. Flores-Vazquez submitted a claim for service connection for depression that he claimed began during service and for which he received treatment while onboard the U.S.S. *Kitty Hawk*. In March 1999, during an outpatient mental-health examination, Mr. Flores-Vazquez stated that he had witnessed several accidental deaths during active service, including "a man being sucked inside the nose of an

airplane." J.A. 102. At the time, Mr. Flores-Vazquez did not submit service department records supporting the existence of the incidents.

In September 1999, the regional office denied service connection for depression. The regional office noted that "[a]lthough there [was] a record of treatment in service for one episode of acute reactive depression, no permanent residual or chronic disability subject to service connection [was] shown by service medical records or demonstrated by evidence following service." *Id.* at 120. The regional office also treated his claim as asserting service connection for schizoaffective disorder but denied it as well, noting that "[t]his condition [was] not shown to have occurred in military service, nor was it shown to have been aggravated or caused by service, nor did it develop to a compensable degree within one year of military discharge." *Id.* at 121. Mr. Flores-Vazquez did not appeal this decision, and it became final.

## II

In January 2005, there began a series of decisions that led to the decision under review. Some detailed description of those proceedings is necessary.[1] First, Mr. Flores-Vazquez filed a request to reopen his denied 1998 claim for service connection for depression. The regional office then ordered a medical examination, which Mr. Flores-Vazquez underwent in May 2005. The examiner diagnosed bipolar disorder with depression and determined that the condition was "due to or the result of in[-]service illness." *Id.* at 128. The examiner noted Mr. Flores-Vazquez's

---

[1]    In the interest of brevity, we have excluded the history of Mr. Flores-Vazquez's claim for post-traumatic stress disorder ("PTSD"), which was ultimately denied on the ground that Mr. Flores-Vazquez does not suffer from PTSD.

recollection of "very stressful episodes on the ship in which he served," including "a fire" and seeing another service member being "fragmented by [a] plane running into him." *Id.* at 125.

In June 2005, the regional office nonetheless denied service connection on the grounds that the VA medical opinion was "of little probative value because it appeared to be based on the veteran's unsupported report of continued psychiatric symptoms following service." *Flores-Vazquez v. Wilkie*, No. 17-3989, 2018 WL 6817851, at *1 (Vet. App. Dec. 28, 2018).

Mr. Flores-Vazquez then submitted additional, non-service-related records in 2006 to support his claim, but the regional office denied his claim. Mr. Flores-Vazquez appealed to the Board of Veterans' Appeals ("Board"). In 2008 and 2009, while Mr. Flores-Vazquez's appeal was pending, the VA received service department records in the form of the 1987 command history of the *Kitty Hawk* and a report from the Department of Defense regarding the 1986 command history of the *Kitty Hawk*.

On February 1, 2010, the Board decided Mr. Flores-Vazquez's appeal of his claim for service connection for bipolar disorder with depression, as well as his claim for PTSD. The Board found that "[t]he evidence in this case [was] certainly not compelling." J.A. 144. "Nevertheless," the Board found, referring to the May 2005 VA examination:

> [S]ervice records [did] clearly show psychiatric symptoms and a VA medical examiner, with benefit of examination of the Veteran and review of the record, ha[d] offered an opinion that it [was] at least as likely as not that the Veteran's bipolar disorder with depression [was] causally related to service. Essentially, the examiner viewed the in[-]service symptoms as most likely being the

> initial presentation of the disability now diagnosed
> as bipolar disorder with depression.

*Id.*

Despite finding the evidence in the case not compelling, the Board afforded "considerable weight" to the opinion of the May 2005 VA examiner, stating:

> The Board observes that the May 2005 VA examiner is identified as a medical doctor in psychiatry. The opinion is therefore entitled to considerable weight based on the education and training of the examiner. Based on the evidence, the Board finds that service connection is warranted for bipolar disorder with depression.

*Id.*

The Board also considered but did not rely on the command histories of the *Kitty Hawk*:

> The record also contains the command history of the U.S.S. Kitty Hawk for the years 1986 and 1987. The records show the death of a soldier by the same name as the Veteran reported in a night flight operations mishap on the flight deck in September 1986. The command history also shows that a fire occurred in March 1987 aboard the ship, but due to the efforts of the crew and fire-fighting teams, a major disaster was averted.

*Id.* at 143–44. But the Board "discounted" the "relevance" of the command histories. *Flores-Vazquez*, 2018 WL 6817851, at *2. The Board noted that, "[s]ignificantly, the May 2005 examiner acknowledged the Veteran's report of the fire and a death of an individual during service, but the examiner diagnosed bipolar disorder, not PTSD." J.A. 145.

The Board, having found entitlement for service connection for bipolar disorder, remanded. The regional office granted service connection for bipolar disorder with

depression with a rating of 30% and an effective date of January 24, 2005, the date the regional office had received Mr. Flores-Vazquez's request to reopen his claim denied in 1999.

## III

Mr. Flores-Vazquez appealed the rating decision to the Board, seeking an earlier effective date of November 1998, the date he originally filed a claim for service connection for depression. Mr. Flores-Vazquez argued, in relevant part, that the regional office failed to reconsider his claim under 38 C.F.R. § 3.156(c). The Board, on May 5, 2015, denied an earlier effective date under 38 C.F.R. § 3.156(c)(2). On appeal, the Veterans Court vacated and remanded the Board's May 2015 decision on July 15, 2016, with instructions to "address the applicability" of the version of 38 C.F.R. § 3.156(c) that existed prior to amendment in 2006. J.A. 182.[2]

On October 10, 2017, on remand from the Veterans Court, the Board found that § 3.156(c) did not apply because the Board's award of benefits in 2010 "was not based on" the new service department records. *Id.* at 28. On further appeal to the Veterans Court, the Veterans Court also found that the award of benefits "was not based in any way on the new service records," and thus, an earlier effective date under § 3.156(c) was not available. *Flores-Vazquez*, 2018 WL 6817851, at *5.

Mr. Flores-Vazquez appeals.

---

[2]    Mr. Flores-Vazquez appealed the Veterans Court's July 2016 remand decision, and we dismissed for lack of finality. *Flores-Vazquez v. Snyder*, 676 F. App'x 1012 (Fed. Cir. 2017).

DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. *See* 38 U.S.C. § 7292. We review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." *Id.* § 7292(a). We have jurisdiction to decide "all relevant questions of law" and to "set aside any regulation or any interpretation thereof (other than a determination as to a factual matter)" relied upon in the decision of the Veterans Court that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* § 7292(d)(1)(A). "Our review of these questions is de novo." *Manzanares v. Shulkin*, 863 F.3d 1374, 1376 (Fed. Cir. 2017). But absent a constitutional question, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

The VA "is required to 'reopen' a finally adjudicated claim under 38 C.F.R. § 3.156(a) if the claimant submits new and material evidence in support of the claim." *Jones v. Wilkie*, 964 F.3d 1374, 1378 (Fed. Cir. 2020). "In the case of an award that results from reopening under section 3.156(a), the effective date of the award is the date the request for reopening was made or the date of entitlement, whichever is later." *Id.* at 1379 (citing 38 U.S.C. § 5110(a), 38 C.F.R. § 3.400(q)(2), and *Blubaugh v. McDonald*, 773 F.3d 1310, 1313 (Fed. Cir. 2014)). However, under 38 C.F.R. § 3.156(c), an exception to the general effective date rule is available if VA receives new service department records and awards benefits based on those new service department records. *Jones*, 964 F.3d at 1379.

The versions of the regulation, before amendment in 2006 and after amendment, are set forth in an attachment

to this opinion. Mr. Flores-Vazquez argues that the "plain language" of the pre-amended version of § 3.156(c) "did not require that the service records contributed to service connection before determining whether an earlier effective date was warranted" and makes alternative arguments under both the pre-amended and amended versions of the regulation as applied to his case. Appellant's Br. 23. We need not decide which version of § 3.156(c), before amendment or as amended in 2006, applies here. Both versions of § 3.156(c) require that the award of benefits be based at least in part on the new service department records to qualify for an earlier effective date.

Mr. Flores-Vazquez's argument—that the pre-amended version does not require that the award be based on the service department records—is contrary to the plain language of § 3.156(c) before it was amended, which required that "[t]he retroactive evaluation of disability resulting from disease or injury subsequently service connected on the basis of the new evidence from the service department must be supported adequately by medical evidence." 38 C.F.R. § 3.156(c) (2005) (emphasis added).

The 2006 amendment was intended to "clarif[y]" that the award needs only to be "based all or in part on the records" to qualify for an earlier effective date. New and Material Evidence, 70 Fed. Reg. 35,388, 35,389 (June 20, 2005) (Proposed Rule) (emphasis added). The 2006 amendment "eliminate[d]" an "ambiguity" of the pre-amendment text of § 3.156(c), which "may be read as requiring an earlier effective date for the award of benefits upon reconsideration only when the basis for the award is newly discovered service department records." *Id.* (emphasis added). The 2006 amendment did not eliminate the requirement of § 3.156(c) that an earlier effective date is available only if the award is based at least in part on the newly discovered service department records.

In *Blubaugh*, we interpreted § 3.156(c) as amended in 2006 to "only appl[y] 'when VA receives official service department records that were unavailable at the time that VA previously decided a claim for benefits and *those records lead VA to award a benefit that was not granted in the previous decision.*'" 773 F.3d at 1314 (quoting New and Material Evidence, 70 Fed. Reg. at 35,388 (Proposed Rule)). In *Jones*, we similarly held that under the amended version of § 3.156(c), "the key issue [is] whether the award was attributable in whole or in part to the newly obtained service records." 964 F.3d at 1380. If the award of benefits is "not predicated in any way on records that were not before the [VA] at the time of the initial decision on the claim," then "the proper effective date [is] the date of the request for reopening, not the date of the initial claim." *Id.*[3]

Here, the Veterans Court found that "the grant of service connection for the psychiatric disorder at issue here was not based in any way on the new service records." *Flores-Vazquez*, 2018 WL 6817851, at *5.

In the 2017 decision, the Board found that "the subsequent service connection grant by the Board in February 2010 was not based on the January 2008 [Department of Defense] report and associated declassified command histories obtained after the final September 1999 rating decision." J.A. 28. The Board found that the Board's 2010 "decision clearly identifie[d] the previously available service treatment records documenting depression treatment and the May 2005 VA medical opinion as the bases for the award of service connection." *Id.* at 27. The Board further noted that "[t]he favorable May 2005 VA medical opinion [was] not contingent on the verification of any particular stressor from service department records" and that "the

---

[3]    We express no opinion on other aspects of the amended version of § 3.156(c) or the pre-amended version.

verification of the stressors occurred after issuance of the VA medical opinion in question." *Id.* at 28.

Likewise, on December 28, 2018, in the decision on appeal here, the Veterans Court determined:

> As the Board decision on appeal and other documents of record make plain, the *Kitty Hawk* command histories submitted in 2008 played no role in the grant of service connection for bipolar disorder. The favorable resolution of the claim turned on a 2005 VA examination and opinion that, in turn, was based on the veteran's service medical records that had always been part of the claims file.

*Flores-Vazquez*, 2018 WL 6817851, at *5. Because of this finding, the Veterans Court concluded that neither version of § 3.156(c) authorized an earlier effective date for Mr. Vazquez's claim.

Mr. Flores-Vazquez argues that the "Veterans Court required the *Kitty Hawk* records alone to carry the 2010 Board's grant." Appellant's Br. 31. This is not what the Veterans Court said. The Veterans Court applied the correct standard under § 3.156(c), which requires that, if the award is "not predicated in any way on records that were not before the [VA] at the time of the initial decision on the claim," then "the proper effective date [is] the date of the request for reopening, not the date of the initial claim." *Jones*, 964 F.3d at 1380.

Mr. Flores-Vazquez also contends that the Veterans Court applied an impermissibly high standard of what the term "based in part" requires, as used in § 3.156(c) after the 2006 amendment. Appellant's Br. 28. Mr. Flores-Vazquez argues that "[b]ase" means "to lay a foundation" and that "[t]he *Kitty Hawk* records laid a foundation to the 2010 Board's grant" and "the *Kitty Hawk* records played a role in the 2010 Board's grant." *Id.* at 27–29. We see no error in the legal standard applied by the Veterans Court. To

the extent that Mr. Flores-Vazquez argues that the Veterans Court made a factual error in determining that the *Kitty Hawk* records "played no role in the grant of service connection for bipolar disorder," *Flores-Vazquez*, 2018 WL 6817851, at *5, we have no jurisdiction to review that factual challenge. *See* 38 U.S.C. § 7292(d)(2).

## CONCLUSION

We have considered Mr. Flores-Vazquez's remaining arguments and find them unpersuasive. Because the Veterans Court did not err in its interpretation of 38 C.F.R. § 3.156(c), we affirm.

### AFFIRMED

#### COSTS

No costs.

## ATTACHMENT

Prior to amendment in 2006, § 3.156(c) provided:

Where the new and material evidence consists of a supplemental report from the service department, received before or after the decision has become final, the former decision will be reconsidered by the adjudicating agency of original jurisdiction. This comprehends official service department records which presumably have been misplaced and have now been located and forwarded to the Department of Veterans Affairs. Also included are corrections by the service department of former errors of commission or omission in the preparation of the prior report or reports and identified as such. The retroactive evaluation of disability resulting from disease or injury subsequently service connected on the basis of the new evidence from the service department must be supported adequately by medical evidence. Where such records clearly support the assignment of a specific rating over a part or the entire period of time involved, a retroactive evaluation will be assigned accordingly except as it may be affected by the filing date of the original claim.

38 C.F.R. § 3.156(c) (2005).

The current version of § 3.156(c), aside from the March 2021 amendment to subsection (c)(2), is the same as amended in 2006. *Compare* New Evidence, 86 Fed. Reg. 15,413, 15,414 (Mar. 23, 2021) (Final Rule); *with* New and Material Evidence, 71 Fed. Reg. 52,455, 52,457 (Sept. 6, 2006) (Final Rule). Section 3.156(c) currently provides:

(1) Notwithstanding any other section in this part, at any time after VA issues a decision on a claim, if VA receives or associates with the claims file relevant official service department records that

existed and had not been associated with the claims file when VA first decided the claim, VA will reconsider the claim, notwithstanding paragraph (a) of this section.  Such records include, but are not limited to:

(i) Service records that are related to a claimed in-service event, injury, or disease, regardless of whether such records mention the veteran by name, as long as the other requirements of paragraph (c) of this section are met;

(ii) Additional service records forwarded by the Department of Defense or the service department to VA any time after VA's original request for service records; and

(iii) Declassified records that could not have been obtained because the records were classified when VA decided the claim.

(2) Paragraph (c)(1) of this section does not apply to records that VA could not have obtained when it decided the claim because the records did not exist when VA decided the claim, or because the claimant failed to provide sufficient information for VA to identify and obtain the records from the respective service department or from any other official source.

(3) An award made based all or in part on the records identified by paragraph (c)(1) of this section is effective on the date entitlement arose or the date VA received the previously decided claim, whichever is later, or such other date as may be authorized by the provisions of this part applicable to the previously decided claim.

(4) A retroactive evaluation of disability resulting from disease or injury subsequently service connected on the basis of the new evidence from the

service department must be supported adequately by medical evidence.  Where such records clearly support the assignment of a specific rating over a part or the entire period of time involved, a retroactive evaluation will be assigned accordingly, except as it may be affected by the filing date of the original claim.

38 C.F.R. § 3.156(c) (2021).

# United States Court of Appeals
# for the Federal Circuit

_____

**ENRIQUE M. FLORES-VAZQUEZ,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF
VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2019-1780

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-3989, Judge Joseph L. Toth.

_____

NEWMAN, *Circuit Judge*, dissenting.

This appeal concerns the interpretation of 38 U.S.C. § 7292(d) as implemented by 38 C.F.R. § 3.156(c), and specifically the effective date of disability payments to a veteran when service-connection is established on reconsideration of a previously denied claim.[1] Regulation 38 C.F.R. § 3.156(c) provides that when the veteran's

_____

[1] *Flores-Vazquez v. Wilkie*, No. 17-3989, 2018 WL 6817851 (Vet. App. Dec. 28, 2018) ("Vet. Ct. Op."); No. 08-15 411, 2010 WL 1475320 (Bd. Vet. App. Feb. 1, 2010) ("2010 BVA Op.").

previously-denied claim is refiled and granted on the basis of new and material evidence received from a military service department, the effective date of compensation is retroactive to the filing date of the original claim.

The Court of Appeals for Veterans Claims ("Veterans Court") adopted the government's position that this retroactive provision applies only when the new service department evidence is the sole basis for the finding of service connection.  That is not required by the statute and regulation, and is inconsistent with the purpose of these enactments.  Preserving the error, the panel majority now rules that the Federal Circuit does not have jurisdiction to review this statutory/regulatory interpretation.  From my colleagues' erroneous rulings, I respectfully dissent.

I

JURISDICTION

38 U.S.C. § 7292(d)(1) authorizes Federal Circuit review of Veterans Court decisions on "all relevant questions of law, including interpreting constitutional and statutory provisions."  Review is here sought for interpretation of the provisions governing the effective date of disability compensation when the veteran's claim was initially denied, but then was granted after receipt of new and material evidence from the military service department.  The issue before us is the interpretation of this law, for the Veterans Court had accepted the government's argument that the Board of Veterans Appeals ("BVA") incorrectly interpreted the law.  Review of this interpretation is squarely within our assigned jurisdiction.

The effective date of compensation for service-connected disability is a recurring issue, for a veteran's claim is often initially denied, and subsequently granted as additional evidence is provided.  The practice is the subject of ongoing regulatory clarification;  38  C.F.R.  § 3.156

implements 38 U.S.C. § 5110(a) and 38 C.F.R. § 3.400.  Relevant provisions of 38 C.F.R. § 3.156 are:

§ 3.156(a).  New evidence means existing evidence not previously submitted to agency decisionmakers.  Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim.

* * *

§ 3.156(c).  Where the new and material evidence consists of a supplemental report from the service department, received before or after the decision has become final, the former decision will be reconsidered by the adjudicating agency of original jurisdiction.    This    comprehends    official    service department records which presumably have been misplaced and have now been located and forwarded to the Department of Veterans Affairs. . . . The retroactive evaluation of disability resulting from disease or injury subsequently service connected on the basis of the new evidence from the service department must be supported adequately by medical evidence.  Where such records clearly support the assignment of a specific rating over a part or the entire period of time involved, a retroactive evaluation will be assigned accordingly except as it may be affected by the filing date of the original claim.

38 C.F.R. § 3.156 (before 2006 amendment).

The Veterans Court interpreted § 3.156(c) as allowing benefit of the original claim filing date "only when a claim is granted *because of* newly associated service records." Vet. Ct. Op. at *5 (emphasis in original).  The government states that this means that if the grant could have been supported without the new service records, then § 3.156(c)

does not permit retroactive credit for the original claim date.  Govt Br. 28.

My colleagues hold that the determination of effective date is entirely a factual determination specific to Mr. Flores-Vazquez, and not an interpretation of law applicable to all veterans.  That is inapt, for the majority interprets § 3.156(c) as a matter of legal construction and meaning, applicable to all veterans.  It is our assignment under 38 U.S.C. § 7292(a) to assure that the law is correctly interpreted.  *Jackson v. Wilkie*, 732 F. App'x 872, 875 (Fed. Cir. 2018) ("As prescribed by statute, our task is to review certain legal determinations relied upon by the Veterans Court in deciding a case.").  My colleagues err in holding that we do not have jurisdiction of this appeal and the statutory/regulatory interpretation at issue.

On the correct interpretation of §  3.156(c), Mr. Flores-Vazquez is entitled to the benefit of the filing date of his original claim.

II

INTERPRETATION OF § 3.156(C)

A

As summarized in *Mayhew v. Shinseki*, 24 Vet. App. 273 (2011): "Read together, §§ 3.156(c) and 3.400(q)(2) provided that the effective date for an award of benefits based on newly discovered service department records that were previously unavailable may relate back to the date of the original claim or date entitlement arose even though the decision on that claim may be final."  *Id.* at 277 (internal quotation marks and citations omitted).  *See also Blubaugh v. McDonald*, 773 F.3d 1310, 1313 (Fed. Cir. 2014) (Section 3.156(c) views the former decision as reconsidered, whereby the later decision is retroactive to the filing date of the original claim).

Mr. Flores-Vazquez filed his original claim for service-connected psychiatric disorders in 1998; he received a psychiatric examination that recorded his asserted in-service stressors and treatment, but the claim was denied in 1999. In 2005 he filed a request for reconsideration, and a Veterans Administration ("VA") psychiatric examination in 2005 diagnosed Mr. Flores-Vazquez with various afflictions including "[b]ipolar disorder I, depress[ion], with psychotic features." J.A. 127. The VA examiner in 2005 concluded that the diagnosis "is at least as likely as not . . . due to or the result of in-service illness." J.A. 127–28. However, the claim was again denied in 2006, J.A. 131–34, the BVA finding the examiner's medical opinion to be "not new and material" evidence because it was based on stressors "not related [to] military service." Vet. Ct. Op. at *1 (summarizing BVA's 2006 rating decision); J.A. 132.

In 2008, the BVA obtained Command History records from the Department of Defense concerning events on the *U.S.S. Kitty Hawk* in 1986 and 1987, the BVA having requested such records in relation to a separate claim by Mr. Flores-Vazquez for PTSD. The Command History records had previously been "classified." J.A. 104.

In 2010, the BVA granted service connection for psychiatric disabilities as claimed by Mr. Flores-Vazquez, the BVA stating that the newly provided *Kitty Hawk* records were confirmation that was previously absent:

> The record also contains the command history of the U.S.S. Kitty Hawk for the years 1986 and 1987. The records show the death of a soldier by the same name as the Veteran reported in a night flight operations mishap on the flight deck in September 1986. The command history also shows that a fire occurred in March 1987 aboard the ship.

2010 BVA Op. at *4.

The BVA stated that these *Kitty Hawk* records corroborated the shipboard events reported by Mr. Flores-Vazquez, and were new and material evidence as contemplated by § 3.156(c). The BVA explained that the Command History records, together with other evidence starting with a March 1982 medical report, established service connection. 2010 BVA Op. at \*2; *id.* at \*4–5 (explaining that its determination was based on "all the evidence, including that pertinent to service," specifically including the Command History and numerous medical reports including the 2005 examination). The BVA concluded that: "Based on the evidence, the Board finds that service connection is warranted for bipolar disorder with depression". *Id.* at \*5.

However, the BVA set the effective date for compensation as the date Mr. Flores-Vazquez refiled his claim in 2005, and the Veterans Court affirmed. The issue before us is whether § 3.156(c) was correctly interpreted to bar recourse to the original filing date, for the BVA explicitly included the newly provided Command History records, in combination with the other evidence, as establishing service connection.

B

The Veterans Court recognized that the issue of effective date turned on the interpretation of § 3.156(c). In 2017, the BVA told the Veterans Court that although the BVA's 2010 grant of service connection for Mr. Flores-Vazquez stated that the grant was based on a combination of the Command History evidence together with the May 2005 psychiatric examination, the 2010 decision only identified "the previously available service treatment records documenting depression treatment and the May 2005 VA medical opinion as the bases for the award of service connection." *Flores-Vazquez v. Wilkie*, No. 11-16 375, 2017 WL 6050350, at \*8 (Bd. Vet. App. Oct. 10, 2017) ("2017 BVA Op.").

Thus the BVA in 2017 stated that in 2010 it did not rely on the Command History records, and the Veterans Court concluded that "they didn't affect its decision to grant service connection." Vet. Ct. Op. at *4. The Veterans Court acknowledged BVA's statements in 2010 that its decision was based on all evidence including the Command History records. *Id.* at *2 ("In granting service connection for bipolar disorder, the Board specifically mentioned notations in the *Kitty Hawk* command histories of a serviceman's death and a fire."); *id.* at *4 ("It is apparent from the record that the Board reconsidered the veteran's psychiatric claim and that the *Kitty Hawk* command histories were duly taken into account as part of that analysis."). However, the Veterans Court accepted the government's interpretation that "§ 3.156(c) permit[s] assignment of an earlier effective date only when a claim is granted *because of* newly associated service records." *Id.* at *5 (emphasis in original). The Veterans Court ruled that "the Board's grant in 2010 was based primarily on the 2005 VA medical opinion." *Id.* at *3.

The Veterans Court accepted the BVA's 2017 revision of 2005–2010 history, and ruled that Mr. Flores-Vazquez's 2005 medical examination sufficed to establish service connection. The court did not mention that the claim was denied based on the 2005 examination, and was not granted until after the Command History records were provided. Vet. Ct. Op. at *5. The Veterans Court concluded that because the 2005 medical examination, taken alone, supported the grant of service connection, this negated the applicability of § 3.156(c).

The court also ruled that if the BVA had indeed relied in 2010 on the Command History records, it did so in error, for "they neither affected a substantial right that disrupted the adjudication's fundamental fairness nor disturbed the Board's ultimate determination on the claim for an earlier effective date." Vet. Ct. Op. at *5. The court stated that "the command histories were not relevant to the veteran's

bipolar disorder claim." Vet. Ct. Op. at *5. The Veterans Court did not mention that service-connection was denied on the 2005 medical examination, and was not granted until the command histories were obtained.

On this appeal the government argues that unless the newly provided service records are themselves "the basis" for the grant of service connection, the retrospective benefit of § 3.156(c) is not available. Govt Br. 26–27 ("Because the command histories were not the basis of award, an earlier effective date would not have been warranted under either version of the regulation."). As construed by the government, § 3.156(c) requires that if other evidence could have supported the grant of service connection, the newly provided service department records cannot achieve retroactive benefit of the original claim date, although that benefit was denied until the service records were considered. My colleagues err in sustaining this flawed position.

C

It is not disputed that service-connection was denied to Mr. Flores-Vazquez until the *Kitty Hawk* records were provided in 2008. The government acknowledges that the BVA "[a]s part of its analysis" in 2010 "reviewed the command histories of the *Kitty Hawk*, and noted that the May 2005 examiner acknowledged Mr. Flores-Vazquez's report of his in-service stressors." Govt Br. 7 (citation omitted). The record is clear that the Command History evidence combined with the earlier medical evidence changed the BVA's decision, on reconsideration of its prior denial of service connection. 2010 BVA Op. at *5. There is no support for the government's position that a combination of old and new evidence cannot meet the conditions of § 3.156(c). Govt Br. 26–27.

On the correct interpretation of § 3.156(c) it appears undisputed that the conditions for retroactive benefit were met. From the court's incorrect statutory/regulatory

interpretation, and the ensuing flawed conclusion as applied to this veteran, I respectfully dissent.