NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————————

**HERBERT HIGHTOWER,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

———————————————

2021-1665

———————————————

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-1188, Judge Michael P. Allen.

———————————————

Decided: March 21, 2023

———————————————

HERBERT HIGHTOWER, Temple, TX, pro se.

LIRIDONA SINANI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, LOREN MISHA PREHEIM; BRIAN D. GRIFFIN, ANDREW J. STEINBERG, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————————

Before HUGHES, STOLL, and STARK, *Circuit Judges.*

PER CURIAM.

Herbert Hightower, a veteran of the U.S. Air Force, appeals a decision of the United States Court of Appeals for Veterans Claims affirming a Board of Veterans' Appeals' decision denying Mr. Hightower a disability rating for tinnitus greater than 10%. Because Mr. Hightower's arguments are beyond the limited jurisdiction of our court, we dismiss the appeal.

I

Mr. Hightower served in the Air Force from October 1954 to April 1967. The Department of Veterans Affairs awarded Mr. Hightower a 10% disability rating for his service-connected tinnitus, the maximum authorized by the rating schedule, 38 C.F.R. § 4.87, Diagnostic Code 6260. Mr. Hightower then filed a claim for increased evaluation that a VA regional office thereafter denied. The regional office also determined that Mr. Hightower's case did not warrant an extra-schedular rating under 38 C.F.R. § 3.321(b)(1).

Mr. Hightower appealed to the Board.[1] The Board found that the available schedular evaluation for this disability is adequate because the rating criteria reasonably describes Mr. Hightower's disability level and symptoms. The Board explained that the record lacked evidence showing that Mr. Hightower's "tinnitus is so exceptional or unusual as to warrant the assignment of a higher rating on an extraschedular basis." S.A. 17.[2]

---

[1]    Mr. Hightower also appealed rating determinations of other maladies not relevant to this appeal.

[2]    "S.A." refers to pages in the Supplemental Appendix filed with the Secretary's brief.

On appeal, the Veterans Court affirmed the Board's decision. The Veterans Court rejected Mr. Hightower's argument that the Board failed to consider his symptoms of dementia and buildup of excess cerumen—which Mr. Hightower attributed to his tinnitus—in its extra-schedular determination. The Veterans Court explained that Mr. Hightower failed to present evidence relating those symptoms to his tinnitus. S.A. 5. It also noted that Mr. Hightower pointed to no other symptoms or tinnitus-related functional limitations that could be considered exceptional. *Id.* Accordingly, the Veterans Court concluded that Mr. Hightower's tinnitus symptoms are contemplated by his schedular rating and that the Board did not err in finding that an extra-schedular rating was not warranted. *Id.*

## II

"Our jurisdiction to review decisions of the Veterans Court is limited by statute." *Flores-Vazquez v. McDonough*, 996 F.3d 1321, 1325 (Fed. Cir. 2021). Under 38 U.S.C. § 7292(c), we may "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof" by the Veterans Court, and "interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." However, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

In this case, the Veterans Court did not interpret any statute or regulation. Instead, it simply applied the relevant law—38 U.S.C. § 4.87, DC 6220, and 38 C.F.R. § 3.321(b)(1)—to the facts. In so doing, the Veterans Court did not elaborate upon the meaning of these provisions or any other regulation or statute. *See* S.A. 2–6; *Graves v. Principi*, 294 F.3d 1350, 1354 (Fed. Cir. 2002) (explaining that the interpretation of a statute or regulation occurs when the Court elaborates upon its meaning). We therefore

lack jurisdiction to review the Veterans Court's decision. 38 U.S.C. § 7292(d)(2).

In arguing that we do have jurisdiction to review the decision, Mr. Hightower repeatedly asserts that the Veterans Court misweighed the evidence. *See, e.g.*, Appellant's Br. at 21 (arguing that the Board erred in crediting "its own unsubstantiated medical opinion and ignor[ing the] Denton Texas Health Care Center audiologic examination"); *see also id. at* 3–4, 15, 18–22, 25–26.[3] But we may not review challenges to factual determinations. 38 U.S.C. § 7292(d)(2)(A); *see also Prinkey v. Shinseki*, 735 F.3d 1375, 1383 (Fed. Cir. 2013) ("[T]he sufficiency of a medical opinion is a matter beyond our jurisdictional reach, because the underlying question is one of fact.").

Mr. Hightower also argues that the Veterans Court interpreted a statute or regulation and cites *Fugere v. Derwinski*, 1 Vet. App. 103 (1990) and *Bentley v. Derwinski*, 1 Vet. App. 28 (1990), in support of this argument. Appellant's Br. at 2. Both cases, however, are irrelevant to this appeal. *Fugere* concerns notice and opportunity to comment on a proposed deletion of a protective provision in the VA Adjudication Procedure Manual. 1 Vet. App. at 104. *Bentley* concerns notice to the veteran of a reduction in rating and an opportunity to respond. 1 Vet. App. at 29. Neither case suggests that the Veterans Court's decision here involved the validity or interpretation of a statue or regulation.

Finally, in connection with an assertion that the Veterans Court decided a constitutional issue, Mr. Hightower argues that "the Veterans Administration and its agencies continually made ambiguous claims related to Mr. Hightower's service-connected disability having no effect on his

---

[3]    Citations to the Appellant's briefs are to the ECF page numbers.

daily life nor his employment abilities" and that "these false ambiguous claims denied him prosperity, health, and well-being." Appellant's Br. at 3, 23 (cleaned up). Mr. Hightower's assertion that the VA examiner made contradictory notes regarding his tinnitus is, at most, a challenge to a factual determination and not a constitutional one. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) (explaining that an "[appellant]'s characterization of [a] question as constitutional in nature does not confer upon [this Court] jurisdiction that [it] otherwise lack[s].").

## III

We have considered Mr. Hightower's remaining arguments and find them unpersuasive. For the preceding reasons, we dismiss Mr. Hightower's appeal for lack of jurisdiction.

## DISMISSED

### COSTS

No costs.