NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ARNOLDO MAYORGA,**

*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2023-1820

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-1780, Judge Amanda L. Meredith, Judge Grant Jaquith, Judge Michael P. Allen.

---

Decided: January 10, 2024

---

ARNOLDO MAYORGA, San Antonio, TX, pro se.

NATALEE A. ALLENBAUGH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, TARA K. HOGAN, PATRICIA M. MCCARTHY.

---

Before REYNA, TARANTO, and CHEN, *Circuit Judges.*

PER CURIAM.

Arnoldo Mayorga, a veteran of the United States Air Force, applied to the Department of Veterans Affairs (or its predecessor, Veterans Administration) on a number of occasions for benefits for alleged service-connected disabilities. As relevant here, he received several negative decisions from the Department (whether a regional office or the Board of Veterans' Appeals) concerning whether the conditions at issue were connected to his service. In late 2017 and early 2018, Mr. Mayorga requested that the Department, as to certain such decisions, revise them because they were infected by clear and unmistakable error (CUE) or reopen the claims denied in them. In 2018, the Board denied Mr. Mayorga's requests, declining to revise the prior denials of service connection based on CUE or reopen any of his claims. In 2022, the United States Court of Appeals for Veterans Claims (Veterans Court) affirmed the Board's decision in part but dismissed two sets of challenges raised in Mr. Mayorga's appeal—one for inadequacy of allegations of (prejudicial) error by the Board, the other for lack of jurisdiction. SAppx. 1–13;[1] *Mayorga v. McDonough*, No. 22-1780, 2022 WL 17174968 (Vet. App. Nov. 23, 2022). Mr. Mayorga appeals the Veterans Court's decision, but we lack jurisdiction over the appeal and must dismiss.

I

Mr. Mayorga served in the Air Force from March 1966 to April 1970. Between April 1970 and March 2012, Mr. Mayorga filed three claims for disability benefits, identifying multiple conditions he asserted to be connected to his service, but all of those claims were denied. Specifically, a May 1970 rating decision found no service connection for a positive tuberculin reaction; a July 2003 rating decision found no service connection for cardiovascular disease and

---

[1] "SAppx." refers to the supplemental appendix the Department's Secretary filed in this court with his brief as respondent.

bilateral carpal tunnel syndrome; and a January 2014 rating decision found no service connection for cardiovascular disease, bilateral carpal tunnel syndrome, severe headaches, a lower back disability, and insomnia. SAppx. 2–3.

In October 2017, Mr. Mayorga submitted a "supplemental claim" to reopen and revise the July 2003 and January 2014 rating decisions. SAppx. 3, 25. In May 2018, he filed another claim to reopen and revise the July 2003 rating decision along with a statement claiming CUE in "'previously denied claims.'" SAppx. 25. In July 2018, the regional office appears to have construed Mr. Mayorga's requests as alleging CUE in all previously denied claims and "issued a rating decision that determined revision based on CUE wasn't warranted for any . . . prior rating decision[]." SAppx. 3; *see* SAppx. 25.

In March 2022, the Board issued a decision largely agreeing with the regional office. The Board denied entitlement to revision based on CUE on all claims. SAppx. 24–25. The Board also denied entitlement to reopening of Mr. Mayorga's claims based on the positive tuberculin reaction, cardiovascular disease, bilateral carpal tunnel syndrome, severe headaches, and a lower back disability because it found Mr. Mayorga had not submitted any new and material evidence (as required for reopening). SAppx. 25. But the Board reopened Mr. Mayorga's claim based on insomnia, ruling that new and material evidence had been submitted. SAppx. 25.

Mr. Mayorga appealed the Board's decision to the Veterans Court. The Veterans Court dismissed several portions of the appeal. First, as to certain portions of Mr. Mayorga's appeal related to the Board's denial of reopening, the court dismissed because a veteran appealing from such a denial must identify a Board error and show that the error was prejudicial, *see Shinseki v. Sanders*, 556 U.S. 396, 406 (2009), and Mr. Mayorga "simply [did] not allege how the Board erred when it denied reopening his claims." SAppx. 5. Second, the Veterans Court ruled that it lacked jurisdiction to consider certain of Mr. Mayorga's

allegations of CUE—(1) his allegation that the May 1970 rating decision failed to address several regulations related to tuberculosis-specific considerations (specifically, 38 C.F.R. §§ 3.371, 3.374(a), and 3.375(a)–(b)); and (2) his allegation that the January 2014 rating decision failed to address whether his headaches, insomnia, and a back condition came within the secondary-service-connection standard of 38 C.F.R. § 3.310. SAppx. 6, 12. The Veterans Court explained that Mr. Mayorga had failed to raise those challenges before the Board, which, therefore, had not issued a reviewable decision as to these specific CUE assertions. SAppx. 6, 12. The Veterans Court otherwise affirmed the Board's denial of entitlement to revision based on CUE on all claims at issue. SAppx. 6–13.

## II

Our jurisdiction to review decisions of the Veterans Court is limited by statute. We have the authority to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a); *Flores-Vasquez v. McDonough*, 996 F.3d 1321, 1325 (Fed. Cir. 2021). We have jurisdiction to decide "all relevant questions of law" and will "set aside any regulation or any interpretation thereof," if relied upon in the decision of the Veterans Court, that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 38 U.S.C. § 7292(d)(1). But where, as here, there is no constitutional issue raised, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

In his briefing on appeal, Mr. Mayorga does not raise any reviewable challenge. First, Mr. Mayorga appears to argue that the Veterans Court's dismissal of portions of his appeal was erroneous. As to the Veterans Court's dismissal of the portions of his appeal pertaining to the Board's

refusal to reopen his claims, Mr. Mayorga challenges only the application of law to facts. And as to Mr. Mayorga's allegations of CUE related to the May 1970 and January 2014 rating decisions' failure to address various regulatory provisions, the specific CUE assertions (as the Veterans Court correctly noted) must be first raised with the regional office. *See* SAppx. 6, 12; *Andre v. Principi*, 301 F.3d 1354, 1362 (Fed. Cir. 2002). Just as the Veterans Court lacked jurisdiction to consider these issues in the first instance, we do as well. *See* 38 U.S.C. § 7292(a); *Maggitt v. West*, 202 F.3d 1370, 1374 (Fed. Cir. 2000).

Second, Mr. Mayorga appears to allege that the Board's finding of no CUE in a prior decision is arbitrary if the Board later grants benefits. We note the recent precedent confirming that CUE is assessed based on legal and other premises in place at the time of the challenged decision, which can change later, so that a claim denial at one time might not be CUE even when the same claim is granted later. *See George v. McDonough*, 142 S. Ct. 1953, 1959–60 (2022). Regardless, as this argument was not raised before the Veterans Court, we are precluded from considering it in the first instance. *See* 38 U.S.C. § 7292(a) (limiting our jurisdiction to those issues "relied on by the [Veterans] Court in making [its] decision"); *Maggitt*, 202 F.3d at 1374.

Because we lack authority to review Mr. Mayorga's challenges to the Veterans Court's decision, we must dismiss this appeal for lack of subject-matter jurisdiction.

The parties shall bear their own costs.

**DISMISSED**