NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**AARON J. SOLOMON,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1014

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-4779, Judge Joseph L. Toth.

---

Decided: April 8, 2024

---

AARON J. SOLOMON, Tampa, FL, pro se.

MEREDYTH COHEN HAVASY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY.

---

Before LOURIE, DYK, and STOLL, *Circuit Judges*.

PER CURIAM.

Aaron J. Solomon, a veteran of the U.S. Air Force, proceeding pro se, appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"). Because we lack jurisdiction over Mr. Solomon's appeal, we *dismiss*.

## BACKGROUND

Mr. Solomon served on active duty in the United States Air Force from April 2002 to June 2006. During his service, Mr. Solomon injured his left wrist. Mr. Solomon's left wrist condition was initially rated at 0 percent disabling, but the rating was later increased to 10 percent disabling. In 2013, Mr. Solomon unsuccessfully sought a higher disability rating. Mr. Solomon filed a Notice of Disagreement with the rating determination. In September 2015, the VA examined Mr. Solomon and again affirmed the 10 percent rating decision. Mr. Solomon appealed the decision to the Board.

In May 2019, during his hearing before the Board, Mr. Solomon testified that his wrist condition had worsened since the 2015 VA examination, and he identified that he had been treated by a Dr. Manning in Fort Lauderdale. The Board remanded Mr. Solomon's claim and directed the regional office to obtain Mr. Solomon's treatment records.

After the Board remanded the claim, on November 26, 2019, the VA sent Mr. Solomon a letter requesting that he complete and return VA Form 21-4142a ("General Release for Medical Provider Information to the Department of Veterans Affairs"), so the VA could "obtain treatment records from [his] private medical sources," and VA Form 21-4142 ("Authorization to Disclose Information to the Department of Veterans Affairs"), so the VA could "obtain the authorization to request treatment records from [his] private medical sources listed on the received VA Form 21-4142a." S.A. 45. The letter also indicated that if the VA did not hear

from Mr. Solomon it "may make a decision" on his claim after 30 days.  S.A. 46.

In December 2019, Mr. Solomon submitted VA Form 21-4138 ("Statement in Support of Claim"), not one of the forms listed in the November 2019 letter, and VA Form 21-4142a, one of the required forms.  In these forms Mr. Solomon indicated that he saw a different doctor, Dr. Rafael, on December 6, 2019, after the Board had remanded his claim.  On December 27, 2019, the VA Private Medical Records Retrieval Center noted that the request for Mr. Solomon's medical records was rejected because VA Form 21-4142, which gives authorization to the VA to obtain his treatment records from his private medical sources, was still missing.  In May 2020, the VA sent Mr. Solomon a Supplemental Statement of the Case ("SSOC") indicating that the only evidence it considered in reviewing his claim was the DBQ Wrist Conditions dated December 6, 2019, and the Veterans Affairs Medical Center treatment records from October 6, 2010, through March 10, 2020.  The letter accompanying the SSOC informed Mr. Solomon he had 30 days from the date of the letter (May 7, 2020) "to respond with additional comments or evidence."  S.A. 21.  Mr. Solomon did not supply any additional forms or evidence.

On May 6, 2021, the Board denied Mr. Solomon an increased rating for his left wrist.  The Board acknowledged in its decision "there [were] private medical treatment records that may have been relevant to [Mr. Solomon's] claim that remain outstanding," but determined that Mr. Solomon "had the opportunity to provide VA authorization to obtain any outstanding records from this provider on his behalf but failed to return a completed VA Form 21-4142."  S.A. 15.  The Board determined the VA's duty to assist was properly discharged because the VA "is only obligated to obtain records that are adequately identified and for which necessary releases have been submitted."  *Id.* (citing 38 C.F.R. § 3.159(c)(1)).

On appeal to the Veterans Court, Mr. Solomon argued that the VA violated its duty to assist in obtaining medical records by not taking necessary steps to obtain his private treatment records.  Before the Veterans Court, Mr. Solomon asserted that he "provided sufficient information to identify and obtain the records in question and, even if he hadn't, notice that VA would stop seeking the records was circulated only internally and never sent to him."  S.A. 4.  The Veterans Court found the record did not support either of these contentions and affirmed the Board's decision.  S.A. 5.  This appeal followed.

## DISCUSSION

The jurisdiction of this Court to review the decision of the Veterans Court is limited by statute, permitting us to review only "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof."  38 U.S.C. § 7292(a); *Flores-Vazquez v. McDonough*, 996 F.3d 1321, 1325 (Fed. Cir. 2021).  "Except to the extent that an appeal under this chapter presents a constitutional issue," we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."  38 U.S.C. § 7292(d)(2).

In his appeal, Mr. Solomon does not argue that the Veterans Court failed to properly interpret a statute or regulation or address a constitutional question.  Rather, Mr. Solomon argues that the Veterans Court erred because "[t]hey didn't take in account that the email that was submitted internally." Appellant Informal Opening Br. 1.  The reference apparently is to an internal VA notice stating that the request to obtain Mr. Solomon's medical records was rejected because VA Form 21-4121 was missing.  *See* S.A. 25.  We understand Mr. Solomon to be contending that he was not notified that he needed to submit the additional form (i.e., VA Form 21-4121) in order for the VA to obtain

his medical records or submit the records himself in order for his claim to go forward.

We lack jurisdiction over Mr. Solomon's appeal. The Veterans Court acknowledged that Mr. Solomon may not have received a notice that the VA would stop seeking his medical records. But the Veterans Court determined that the record reflected that Mr. Solomon was on notice that he needed to execute the required form that would allow the VA to obtain his records and that he had another opportunity to provide the necessary forms after the SSOC issued. The Veterans Court affirmed "the Board's determination that he was aware of the rejection of the private records retrieval request." S.A. 4–5.

Mr. Solomon asks us to review the Veterans Court's factual determination that he was notified that he needed to provide the additional document (i.e., VA Form 21-4142) to allow the VA to obtain records or to obtain the documents himself. We lack authority to review factual determinations, and we dismiss Mr. Solomon's appeal for lack of jurisdiction.

## DISMISSED

COSTS

No costs.