NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SAMUEL KNOX, JR.,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1517

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-4230, Judge Scott Laurer.

---

Decided: September 9, 2024

---

SAMUEL KNOX, JR., Columbia, SC, pro se.

KATY M. BARTELMA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY; CARLING KAY BENNETT, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before DYK, CHEN, and CUNNINGHAM, *Circuit Judges.*

PER CURIAM.

Samuel Knox, Jr., a veteran of the United States Army, proceeding pro se, appeals a decision from the U.S. Court of Appeals for Veterans Claims ("Veterans Court"). The Veterans Court affirmed a decision of the Board of Veterans' Appeals ("Board") denying him entitlement to service connection for a sinus disability due to herbicide exposure, dengue fever, and other conditions from his time in service. The Veterans Court determined that the Board adequately explained its reasoning, the Board did not clearly err in its decision, and the Board did not fail to enforce the Department of Veterans Affairs ("VA") duty to assist. Because we lack jurisdiction over Mr. Knox's appeal, we *dismiss.*

## BACKGROUND

Mr. Knox served on active duty in the United States Army from April 1966 to April 1968, including a tour in Vietnam. Mr. Knox's service records from Vietnam show Mr. Knox had "shoddy post cerv[ical] nodes,"[1] as well as a "[f]ever of undetermined origin," which was suspected to be from dengue. S.A. 15–16.

In December 2015, Mr. Knox applied for disability compensation related to "constant draining of mucus membrane and congestion," as well as headaches and dizziness. S.A. 13. Mr. Knox alleged that his conditions were caused by the dengue fever that he suffered from during his service. Mr. Knox also alleged his conditions were caused by

---

[1] In his briefing, Mr. Knox explains that "shoddy post cerv[ical] nodes condition is the draining of your paranasals due to lymphatic fluid drain from head and neck." Appellant's Informal Br. 2; *see also* Appellant's Informal Br. 5.

his exposure to herbicides during his service or other conditions of service. In November 2016, the VA denied Mr. Knox's claim. In December 2016, Mr. Knox timely filed a Notice of Disagreement ("NOD"). The VA reviewed the NOD, and, again, denied the claim. Mr. Knox timely appealed to the Board.

In May 2019, the Board found that "[t]he medical evidence reflects diagnoses of allergic rhinitis due to pollen and chronic maxillary sinusitis, and the service treatment records reflect an in-service diagnosis of sho[dd]y post cervical nodes condition." S.A. 13. The Board determined "a VA examination is necessary to determine the etiology of his current sinus disability," which Mr. Knox had not received. *Id.* The Board remanded to the Regional Office ("RO") to "schedule [Mr. Knox] for a VA examination to determine the nature and etiology of his current sinus disability(ies)" and to evaluate whether it is likely that his disabilities are related to his service. S.A. 13–14.

The RO issued a request to schedule the examination, but Mr. Knox "informed VA that he did not want to report for a VA examination pertaining to his claim and that his claim should be evaluated based on the evidence of record." S.A. 8. The case then returned to the Board. The Board determined that because Mr. Knox did not report for his examination, it was proper to adjudicate the claim based on the evidence in the record. The Board then applied the *Shedden* test[2] and concluded that "while the Veteran has a

---

[2] "[I]n order to establish service connection or service-connected aggravation for a present disability the veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated

current diagnos[i]s of chronic maxillary sinusitis, and the evidence shows that the Veteran had shoddy post cervical nodes in service, the evidence of record persuasively weighs against finding that the Veteran's current diagnos[i]s began during service or is otherwise related to an in-service injury, event, or disease." S.A. 8. Thus, the Board denied his claim.

Mr. Knox appealed, and the Veterans Court affirmed the Board's decision, finding the Board did not err in deciding the case based on the evidence in the record without a VA medical exam because Mr. Knox failed to appear for his requested exam and did not show good cause for his failure to appear. The Veterans Court also affirmed the Board's conclusion that the evidence in the record did not show a nexus between Mr. Knox's service and his disability. This appeal followed.

## DISCUSSION

"Our jurisdiction to review decisions of the Veterans Court is limited by statute." *Flores-Vazquez v. McDonough*, 996 F.3d 1321, 1325 (Fed. Cir. 2021). "We review 'the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision.'" *Id.* (alterations in original) (quoting 38 U.S.C. § 7292(a)). "[A]bsent a constitutional question, we 'may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.'" *Id.* (quoting § 7292(d)(2)).

In his briefing, Mr. Knox raises no coherent argument that the Veterans Court failed to properly interpret a

---

during service." *Shedden v. Principi*, 381 F.3d 1163, 1166–67 (Fed. Cir. 2004).

statute or regulation, nor does he present a constitutional question.  Mr. Knox essentially asks us to review and re-weigh the evidence in the record.  This is beyond our jurisdiction.

Because the Veterans Court did not elaborate on the meaning of any statute, regulation, or constitutional question in its opinion, we lack jurisdiction over this appeal.

## DISMISSED

### COSTS

No costs.